# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>EMMA SHINE,<br><br>        Defendant. | 3:12-cr-024-RRB-JDR<br><br>**ORDER<br>REGARDING MOTION TO<br>ALLOW CONTACT VISITATION**<br><br>(Docket No. 308) |

        Defendant **EMMA SHINE** moves the court for an order compelling the Alaska Department of Corrections to allow her to have contact visits with her four year old daughter. Docket 308. The government filed an opposition. Docket 315. For reasons stated below the court declines to grant the requested order.

## Factual Background

        Emma Shine is presently housed as a federal pretrial detainee at Highland Mountain Correctional Center. While there she has requested treatment for her substance abuse issues. M.H., a cooperating witness for the government in this case is presently enrolled in a drug treatment program at the same facility. There is a no contact order outstanding between Emma Shine and M.H. Because

of this order Ms. Shine is unable to enter the treatment program in order to regain the ability under the Alaska State Regulations to have a contact visit with her daughter. Trial is currently scheduled for Emma Shine in March 2013. At present Ms. Shine is allowed to see her daughter via a video link -- as a secured visit.

### Application of the Law

Prison officials enjoy a broad discretion in controlling visitor access to a prisoner. Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). *See* Wirsching v. Colorado, 360 F.3d 1191, 1198-1201 (10th Cir. 2004) upholding a prisoner regulation that prohibited a prisoner from receiving any visits from his children so long as he refused to participate in a treatment program. There is no constitutional right to a contact visitation. Ramos v. Lamm, 639 F.2d 559, 570 n.26 (10th Cir. 1980). See also Dunn v. Castro, 621 F.3d 1196 (9th Cir. 2010).

There is no evidence that a federal officer or an official for the state correctional facility has imposed any condition relating to her participation in the institution's drug treatment program or in the implementation of a no contact regulation with the intent to punish Ms. Shine or unrelated to a legitimate non-punitive governmental objective. Alaska Department of Correction's of Policy and Procedures Index No. 810.02 in a Chapter entitled "Communication, Mail & Visiting," addresses the subject of visitation for state correctional institutions. Section VII B provides: "Contract prisoner shall have the same visitation rights as state and

municipal prisoners unless the agency having jurisdiction over the prisoner otherwise directs."

While housed at Highland Mountain Correctional facility Ms. Shine tested positive for opiates and was disciplined. As a result of her drug use in the facility she was placed on secure visiting status. See Transmittal from Michael Gilligan, Superintendent, to Randall S. Cavanaugh, attorney for Emma Shine at Docket 309-1. Ms. Shine is not prohibited from seeing her daughter rather she is allowed to see her daughter only via a video link. Visitation at the Alaska Department of Corrections facility is subject to the limitations set forth in the policy described in No. 810.02 as amended. On September 26, 2012 Superintendent Gilligan effected a change to the Highland Mountain visiting policy immediately limiting an inmate placed on the IDR list for a dirty UA to have access only to secure visitation for the duration of their sentence unless they are removed by the superintendent. As a non discretionary exception the change allows an inmate to enter the TLC or RSAT Program and successfully complete 45 days of the program. The magistrate judge concludes that defendant Shine failed to show why this court should interfere with the implementation of the visitation policy in place for Emma Shine as a contract prisoner. Whether or not the superintendent of the Highland Mountain Correctional Center has followed or will follow the applicable prison guidelines with respect to Emma Shine while she is housed as a federal pretrial

detainee is a matter not properly presented in this criminal action. Accordingly, the defendant's Motion for a Contact Visit with her daughter is DENIED.

DATED this 17th day of January, 2013, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge